Harold S. **HEMSTREET**, Plaintiff,

v.

**GENERAL ELECTRIC COMPANY,**
**Defendant.**

Civ. A. No. 1829-68.

United States District Court,
District of Columbia.

Feb. 1, 1971.

Richard G. Stephens, Binghamton, N. Y., for plaintiff.

Frank L. Neuhauser, Joseph B. Forman, Arlington, Va., for defendant.

## MEMORANDUM AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff brings this action under 35 U.S.C. § 146 seeking review of a decision of the Patent Office Board of Patent Interferences awarding "priority of invention" as to a particular patent claim to defendant's assignor.

Upon consideration of the evidence adduced at trial and the briefs submitted by counsel, the Court makes the following

### Findings of Fact

1. Plaintiff, Harold S. Hemstreet, is a person and citizen of the State of Connecticut residing at Wilton, Connecticut.

2. Defendant, General Electric Company, is a corporation organized and existing under the laws of the State of New York.

3. Sperry Rand Corporation, a corporation organized and existing under the laws of the State of Delaware and originally a party defendant to this action, was dismissed from the action by order of the Court dated July 1, 1970.

4. On February 10, 1953, plaintiff caused to be filed a U. S. Patent Application, Serial No. 336,080. On August 4, 1959, plaintiff filed U. S. Patent Application, Serial No. 831,599 as a division of Application, Serial No. 336,080. Both applications relate to a Method and Apparatus for Identifying Letters, Characters, Symbols, and the Like. At the time this action was commenced, plaintiff did not have title to either of these applications. Title to both, by assignment, was held by Character Recognition Corporation, a corporation of the State of Delaware. Character Recognition Corporation is not a party to this action.

5. Defendant, General Electric Company, is the owner, by assignment, of United States Patent No. 2,985,298, issued May 23, 1961, to one Robert J. Schreiner upon an Application filed April 1, 1960, by said Schreiner.

6. The Schreiner patent, as its title, objects and claims indicate, relates to apparatus for *evaluating* the printing on machine readable documents and specifically apparatus for evaluating the quality of printed symbols on documents to permit the separation of documents bearing printed symbols which produce signal levels of unsuitable print quality. The object of evaluating print quality is to distinguish symbols having good print quality from those having poor print quality. There is no concern whatever in Claim 7 of the Schreiner Patent No. 2,985,298 with the identification of symbols. The Schreiner invention is an adjunct to a certain machine which would otherwise identify characters.

7. The disclosure in the Hemstreet application is directed to a different alleged invention from that disclosed and claimed in the Schreiner patent. The Hemstreet Application, as the title and description indicate, concerns apparatus for *"identifying* letters, characters, symbols and the like."

8. On April 18, 1962, the Commissioner of Patents declared Interference No. 92,731 involving Claim 7 of the Schreiner patent, which claim was copied from the patent into the Hemstreet Application, Serial No. 831,599. On April 26, 1968, the Patent Office Board of Patent Interferences awarded priority of invention to Schreiner on the ground that the Hemstreet Application does not support the count. On June 25, 1968, upon request for reconsideration by Hemstreet, the Board affirmed its original decision (modifying the same in limited detail).

9. Claim 7 of the Schreiner patent reads as follows:

In an apparatus for evaluating symbols printed on documents, the combination comprising: a transducer for scanning a given symbol on one of said documents and for producing in response thereto a voltage signal characteristic of said symbol; means for comparing the peak level of said voltage signal with a standard signal level, said means being coupled to said transducer; and means for indicating whether said signal fails to compare in peak voltage with said standard signal level.

10. The plaintiff has complained that he is dissatisfied with The Board of Patent Interferences decision that the Hemstreet application cannot make the count or claim for the following reasons set forth as stated by the Board of Interferences:

"The count requires that the "transducer for scanning" produce a "voltage signal characteristic of said symbol" and that there be "means for comparing the peak levels of said voltage signal with a standard signal level." The Hemstreet "synchronizer" and associate circuits do not support these clauses for several reasons.

*First,* there is nothing in the Hemstreet specification that makes any reference or gives any indication that there is any concern with the "peak level of said voltage."

*Second,* the synchronizer generates multiple voltages all of which may be different but there is no disclosed concept of utilizing a peak level. A signal which overcomes a bias is not necessarily a peak voltage.

*Third,* the signal that is generated by any one of the resistor networks connected to line 129 does not show a characteristic of the symbol scanned but shows that the signal is not char-

acteristic of the designated symbol associated with the particular resistor network.

*Fourth,* when one of the matrices assumes a condition which would show a signal characteristic of the scanned symbol the voltage condition on the associated line 129 is zero. A zero voltage cannot properly be described in the context of the count as having a peak level. (This was slightly modified on a request for reconsideration.)"

11. The contention of the defendant, General Electric Company, that the decision by The Board of Patent Interferences is correct; and that the Schreiner patent and Hemstreet application are for different inventions is substantiated by the evidence adduced at trial.

12. The defendant has attacked the jurisdiction of this court based upon the lack of a necessary and indispensable party, Character Recognition Corporation, to the suit. The Honorable Aubrey E. Robinson, Jr., upon a motion to dismiss, prior to the trial of this action, held that said Character Recognition was not a necessary and indispensable party and that plaintiff could proceed with the action.

On the basis of thhe foregoing, the Court makes the following

### Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter of this suit.

2. In order for the plaintiff to prevail in this action, he must establish that the decision of the Patent Office Board of Patent Interferences was erroneous. The plaintiff has not met this burden.

Accordingly, it is by the Court this 1st day of February 1971

Ordered that judgment be, and it hereby is, entered for the defendant.